UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT HENRY                                                CIVIL ACTION

VERSUS                                                      NO. 08-4593

ROBERT TANNER, WARDEN                                       SECTION "B" (6)

REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b) (1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

In this petition, ROBERT HENRY seeks relief from his state court sentence of ten years received as a result of his guilty plea to attempted second degree murder in 2003. Henry claims that he is entitled to a sentence reduction by earning "double good time" credit, which he claims should be accruing at a rate of thirty days credit for every thirty days spent in actual custody.[1]

---

[1] Fed. Rec. Doc. 1 at p. 1 of Memorandum; see also Fed. Doc. 10, Petitioner's Reply at p. 1.

The State has filed a response contending, *inter alia*, that Henry has failed to exhaust his state court remedies. Henry's petition asserts that the Louisiana Department of Corrections' excessive delay in acting upon his administrative complaints justifies excusing him from exhausting his state remedies.[2]

The record shows that Henry pled guilty to attempted second degree murder on March 19, 2003 and, after waiving delays, was sentenced to a term of ten years without benefit of parole, probation or suspension of sentence.[3] Petitioner filed a motion to correct sentence which was denied by the trial court on August 27th, 2004. A subsequent request by Robert Henry to have the court reconsider his sentence was also denied on April 20, 2005.[4]

Attached to petitioner's federal habeas petition is a document entitled, "First Step Response Form" evidencing petitioner's first efforts to challenge the computation of his good time credits administratively. The document indicates that petitioner filed an administrative request for review of his good time calculations on August 21, 2008. On August 29, 2008, the Corrections Records Manager notified Henry, with approval by his Unit Head, as follows:

Your complaint has been reviewed and investigated.

You were convicted of a first crime of violence, Second Degree Murder[5],

---

[2] Rec. Doc. 1, Memorandum at p. 3.

[3] State Rec. Vol. 1, Transcript of Boykin and Sentencing, dated March 19, 2003.

[4] State Rec. Vol. 1, Judgments of District Judge Raymond Bigelow dated 8/27/04 and 4/20/05, respectively.

[5] Petitioner was convicted of attempted second degree murder.

2

on August 05, 2002,[6] and sentenced on March 19, 2003. Your time computation has been calculated in accordance with Louisiana Revised Statute 15:571.3(2)(a) and Department Regulation #B-04-001, Section 6 (l) which states, "an inmate convicted of the first time of a crime of violence as defined in R.S. 14:2(B), shall earn diminution of sentence at a rate of three days for every seventeen days in actual custody committed on or after January 1, 1997" which falls under Act 1099 of the 1995 Regular Session. Department Regulation #B-04-003 prohibits inmates who earn diminution of sentence pursuant of Act 1099 of the 1995 Regular Session from earning Certified Treatment and Rehabilitation Program (CTRP) good time credits.

No further relief is warranted for this complaint.[7]

Petitioner filed this habeas application on or about September 25, 2008, less than 30 days after receiving a response to his administrative complaint, contending that he is now being denied due process by the Louisiana Department of Corrections through the enforcement of Louisiana Revised Statute 15:571.3(2)(a) and Department Regulation #B-04-00 and its resulting impact on his good time credits.

## FAILURE TO EXHAUST

Without addressing the merits of petitioner's claims, it appears that petitioner has not exhausted state court remedies before pursuing relief in this Court. Federal law is clear that a state prisoner must exhaust available state court remedies as to each ground upon which he claims entitlement to habeas corpus relief. 28 U.S.C. § 2254; *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821

---

[6]The court notes that the bill of information alleges that Henry committed the crime of attempted second degree murder on August 5, 2002. He was actually not convicted of said crime until March 19, 2003. See Bill of Information in State Rec. Vol. 1.

[7]Rec. Doc. 1, attachment.

3

F. 2d 1112, 1117 (5th Cir. 1987). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 522, 102 S. Ct. at 1205.

La. R.S. 15:1176 requires that before any challenges to the computation of a sentence and to parole related matters be brought in a state or federal court, a petitioner must first file his complaint through the Department of Corrections' administrative grievance process. Thereafter, under § 15:571.15 of the Louisiana Revised Statutes, actions brought by an individual committed to the Louisiana Department of Corrections who contests the computation of his sentence, discharge, good time dates, or any other action concerning parole must be brought in East Baton Rouge Parish, State of Louisiana. The inmates should seek judicial review in the Nineteenth Judicial District Court for the Parish of East Baton Rouge pursuant to La. R.S. 15:1177 and 15:571.15. *State ex rel. Bartie v. State*, 501 So.2d 260 (La. App. 1st Cir 1986).

Moreover, pursuant to La.R.S. 15:1177A(10), an inmate can appeal the decisions of the district court to the "appropriate court of appeal," which would be the Louisiana Court of Appeal, First Circuit. La. R.S. 13:312(1). Finally, complete exhaustion would require petitioner to raise the claim before the highest state court by seeking supervisory writs in the Louisiana Supreme Court. *See* La. C.Cr. P. art. 922.

In petitioner's case, only the first step of the administrative grievance process has been taken. Petitioner has not filed with the 19th Judicial District Court nor has he filed a challenge to his good time calculation with the Louisiana Court of Appeal,

4

First Circuit.[8] Additionally, the State has provided the court with an affidavit indicating that the Clerk's Office of the Louisiana Supreme Court has verified that no pleadings have been filed by petitioner in that court. Until such action has been taken, a remedy will be available to petitioner under state law. *See State ex rel. Mitchell v. Louisiana*, 580 So. 2d 906, 908 (La. 1991).

Moreover, the court rejects petitioner's claim that there has been undue delay in processing his complaints by the Louisiana Department of Corrections, finding such claim to be unsubstantiated. The record shows only that petitioner filed his initial administrative complaint on August 21, 2008 and was given a response to his complaint on August 28, 2008. Petitioner claims, in his January 21, 2009 reply (Rec. Doc. 10) that he has taken "step two" toward exhausting his administrative remedies on September 8, 2008. A response to this second administrative request denying petitioner's request was given on September 26, 2008.[9] However, on September 25, 2008, petitioner had already signed and mailed his federal habeas application seeking to have the exhaustion requirement waived because of "excessive delay".[10] The facts of this case simply do not support a claim of excessive delay in the exhaustion process thus a waiver of the exhaustion requirement is not warranted.[11] Accordingly,

---

[8] A staff member for the undersigned Magistrate Judge contacted the Louisiana Court of Appeal, First Circuit, and confirmed that no pleading had been filed there by Robert Henry.

[9] Rec. Doc. 10, attachment.

[10] Rec. Doc. 1, Memorandum at p. 3.

[11] In determining whether a delay in the appellate process violates due process, a district court looks to the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). See *Mims v. LeBlanc*, 176 F.3d 280 (5th Ci. 1999); *United States v. Bermea*, 30 F.3d 1539, 1568-69 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 113 (1995). This Court finds the *Barker* factors valuable in determining whether

petitioner's habeas corpus petition must be dismissed without prejudice to allow the state courts an opportunity to rule on the merits of Robert Henry's unexhausted claims.

RECOMMENDATION

It is therefore RECOMMENDED that the petition of Robert Henry for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __2nd__ day of _____February_____, 2009.

_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

petitioner's delay violates his due process rights. These factors are the length of the delay, the reason for the delay, the assertion of the right, and the prejudice occasioned by the delay. Unless it can be shown that the length of the delay is prejudicial, there is no need to inquire into the other three factors. *Barker*, 407 U.S. at 530.