# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| ROBERT HENRY | CIVIL ACTION |
|---|---|
| VERSUS | NO. 08-4593 |
| ROBERT TANNER, WARDEN | SECTION "B" |

## ORDER AND REASONS

**IT IS ORDERED** that petitioner's objections to the Magistrate Judge's Report and Recommendations are **OVERRULED** and said Report and Recommendations are ADOPTED as the opinion for the court for the following reasons.

**Nature of Motion:**

The petitioner, Robert Henry, files written objections to the Report and Recommendation of United States Magistrate Judge Louis Moore, Jr.(Rec. Doc. No. 12), who recommended that the petition of Henry for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed without prejudice for failure to exhaust state court remedies (Rec. Doc. No. 11).

**Facts of Case:**

Petitioner Henry pled guilty to attempted second degree murder on March 19, 2003, and was sentenced to a term of ten years without benefit of parole, probation or suspension of sentence.[1]

---

[1] State Rec. Vol. 1, Transcript of Boykin and Sentencing, dated March 19, 2003.

Petitioner filed a motion to correct sentence which was denied by the Orleans Parish Criminal District Court on August 27, 2004. A subsequent request by him to have the court reconsider the sentence was also denied on April 20, 2005.[2]

On August 21, 2008, Henry filed an administrative complaint with the Louisiana Department of Corrections (hereinafter "LDC"), seeking review of his good time calculations.[3] On August 29, 2008, after review and investigation, Henry was denied eligibility for "double good time" credit, which accrues at a rate of thirty days credit for every thirty days spent in actual custody.[4] The LDC concluded that because of the conviction of a first time crime of violence as defined by La. Rev. Stat. § 14:2(B), his time was to be calculated in accordance with La. Rev. Stat. § 15:571.3(2)(a) and Department Regulation #B-04-001, Section 6(1). The latter provision provides that a first time violent offender shall earn a diminution of sentence at a rate of three days for every seventeen days in actual custody.

Thereafter, Henry filed a second administrative complaint ("step two") requesting a reevaluation of his good time credit on

---

[2]Rec. Doc. 11, note 4, citing State Rec. Vol. 1, Judgments of District Judge Raymond Bigelow dated 8/27/04 and 4/20/05, respectively.

[3]Rec. Doc. 1, attachment.

[4]Rec. Doc. 1, attachment, August 29, 2008; La. Rev. Stat. Ann. § 15:571.3 (2009).

2

or about September 8, 2008.[5]  Before receiving a response to his second complaint, Henry filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254, claiming that the LDC's excessive delay should excuse him from fulfilling the exhaustion requirement.[6]  The petitioner's writ application was mailed on September 25, 2008, and filed on October 2, 2008.  On September 26, 2008, the LDC responded to Henry's second complaint, again denying his request upon the same basis.[7]

This matter was referred to United States Magistrate Judge Louis Moore, Jr. for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition.[8]  Upon review of the record, the Magistrate determined that the matter could be disposed of without an evidentiary hearing, and recommended that the petition be dismissed without prejudice for failure to exhaust state court remedies.[9]  It is from this recommendation that the petitioner objects.

**Contentions of Movant:**

The crux of petitioner's argument for writ of habeas corpus is

---

[5] Rec. Doc. 1, p.2.

[6] Rec. Doc. 1, Memorandum at p.3.

[7] Rec. Doc. 10, attachment.

[8] Rec. Doc. 11, p.1.

[9] *Id.*

that the LDC incorrectly calculated the good time credit to his detriment, the result being an unconstitutional deprivation of liberty.[10] He contends that the LDC's time taken to review his good time calculations constituted "excessive delay," thus excusing him from exhausting his state remedies. Petitioner also avers that he has exhausted all of his available administrative remedies, as well as the remedies available in the courts of the state within the meaning of 28 U.S.C. § 2254.[11] In addition, the petitioner objects to the Court's finding that only the first step of the administrative grievance process had been taken.[12]

The State has not filed a response to the Report and Recommendation of Judge Moore.

**Law and Analysis:**

I. Standard of Review

Upon timely objection of a magistrate judge's findings and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.A. § 636(b)(1)(2009). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also

---

[10]Rec. Doc. 1, p.2.

[11]Rec. Doc. 12, p.2.

[12]Rec. Doc. 12, p.1.

4

receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

   II. Exhaustion of Remedies

   Under federal law, a state prisoner claiming habeas corpus relief must first exhaust all available state court remedies before pursuing relief in federal court. 28 U.S.C. § 2254(b)(1) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

   Furthermore, the State of Louisiana requires that before any cause of action may be heard in any state or federal court, administrative remedies must first be exhausted. La. Rev. Stat. Ann. § 15:1176 (2009). An individual committed to the Department of Corrections who is aggrieved of an adverse decision under the administrative remedy procedure and who wishes to contest the computation of his sentence or good time dates must bring his action in the parish of East Baton Rouge. La. Rev. Stat. Ann. § 15:571.15 and 15:1177 (2009). The doctrine of complete exhaustion requires that the inmate then appeal any adverse decision of the District Court to the "appropriate court of appeal"(La. Rev. Stat.

5

Ann. § 15:1177(A)(10)), and then to the highest court of the state, the Louisiana Supreme Court. *Dupuy v. Butler*, 837 F.2d 699, 702 (La. App. 5 Cir. 1988).

### III. Petitioner Has Failed To Exhaust Available Remedies

Magistrate Judge Moore determined in his Report and Recommendation that the petitioner had only taken the first step in the administrative grievance process.[13] Petitioner, however, contends that all administrative remedies have been exhausted.[14] Regardless of whether or not the petitioner has in fact exhausted his administrative remedies under the LDC's administrative process, the petitioner has still failed to exhaust all state court remedies before pursuing a claim in federal court. Henry has not filed a claim with the Nineteenth Judicial District Court for the Parish of East Baton Rouge, nor has he filed a claim with the Louisiana Court of Appeal, First Circuit or the Louisiana Supreme Court.[15] Therefore, Henry's petition to the United States District Court must fail, for remedies are still unexhausted under state law.

---

[13]Rec. Doc. 11, p. 4. Magistrate Judge Moore does not explain how he has reached this conclusion, but it is assumed that he meant that at the time of applying for the writ, Henry had not exhausted his administrative remedies. It could also be concluded, though it is not contended in these proceedings, that the petitioner failed to properly file his second step complaint in the first place because he failed to do so within five days of receipt of the first response. La. Admin Code. tit. 22, pt. I, § 325 (G)(2)

[14]Rec. Doc. 12, p.2.

[15]Rec. Doc. 11, p.5,6; Rec. Doc. 9, attachment.

Magistrate Judge Moore was correct in his conclusion that the petitioner has failed to exhaust all available state remedies.

### III. Delay in the Administrative Process was Not Excessive

Petitioner contends that the delay in response of the LDC to his second administrative request for reevaluation of his good time calculations was excessive, thereby waiving the exhaustion requirement. Petitioner claims that he filed his second administrative request ("step two") on September 8, 2008.[16] A response to this second complaint was given 18 days later on September 26, 2008, effectively denying the petitioner's request for relief.[17] However, by the time of response, petitioner had already claimed "excessive delay," for he had already mailed his petition for writ of habeas corpus on September 25, the previous day, seeking waiver of the exhaustion requirement.[18] The time between the petitioner's filing and the mailing of his application for writ was 17 days.

La. Admin Code. tit. 22, pt. I, § 325 (G)(2) provides the process for filing an administrative grievance. The process for the second step of the process is as follows:

> (a). An inmate who is dissatisfied with the first step response may appeal to the secretary of the Department of Public Safety and Corrections by so indicating that he is

---

[16]Rec. Doc. 1, p.2.

[17]Rec. Doc. 10, attachment.

[18]Rec. Doc. 1.

> not satisfied in the appropriate space on the response
> form and forwarding it to the ARP screening officer
> within 5 days of receipt of the decision. A final
> decision will be made by the secretary and the inmate
> will be notified within 45 days of receipt. A copy of the
> secretary's decision will be sent to the warden.
> (b). If an inmate is not satisfied with the second step
> response, he may file suit in district court. The inmate
> must furnish the administrative remedy procedure number
> on the court forms.

The statute indicates that the inmate must allow 45 days for a response and if the inmate is then dissatisfied, he may file suit in district court. Clearly, the petitioner's filing of the writ within 17 days was premature for failure to exhaust his administrative remedies. This statute has not been found to be unconstitutional, and its constitutionality is not being challenged in this case.

The Magistrate Judge has recommended that the guidelines for determining "excessive delay" in the administrative procedure can be adapted from *Barker v. Wingo*, 407 U.S. 514, 530 (1972). In *Barker*, the Supreme Court used a balancing test in determining whether a delay in the appellate process violated due process. Among the factors the district court should consider are the length of delay, the reason for the delay, the defendant' assertion of his right, and the prejudice occasioned by the delay. *Id.* Unless it can be shown that the length of the delay is prejudicial, there is no need to inquire into the other three factors. *Id.* Here, the length of the delay was not prejudicial to Henry, for he has not

8

effectively claimed to have suffered a threat to his significant stakes (psychological, physical or financial) in the prompt termination of the proceeding which may ultimately deprive him of life, liberty or property as a result of the 17-day delay itself. *U.S. v. Dreyer*, 533 F.2d 112, 115 (3d Cir. 1976); *State v. Gladden*, 260 La. 735 (La. 1972)(where defendant failed to point to any prejudice suffered by him because of the delays, and the delay was not capricious or oppressive, defendant was not denied right to speedy trial).

Accordingly, the instant § 2254 petition is hereby **DISMISSED WITHOUT PREJUDICE** for failure of petitioner to exhaust available state court remedies.

New Orleans, Louisiana, this 19th day of May, 2009.

**IVAN L.R. LEMELLE**
**UNITED STATES DISTRICT JUDGE**